IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

SCOTT A. WALKER PLAINTIFF

v. Civil No. 5:26-cv-05138-CDC

DETECTIVE TIM FAUBIS; DETECTIVE WILSON; DETECTIVE WRIGHT; RYAN R. HANSEN; and OCTAVIA DENT DEFENDANTS

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff Scott A. Walker filed this action alleging civil rights violations under 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. The case was directly assigned to the undersigned Magistrate Judge pursuant to General Order 2024-02, but not all parties to the action have consented to the jurisdiction of the undersigned. *See* 28 U.S.C. § 636(c). Accordingly, for the purpose of preservice review pursuant to 28 U.S.C. § 1915(e)(2)(B), the case will automatically be reassigned to a United States District Judge and referred to the undersigned for a report and recommendation pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3). For the reasons given below, the undersigned recommends that Plaintiff's Complaint be DISMISSED WITH PREJUDICE.

## I. BACKGROUND

Plaintiff Scott A. Walker is currently incarcerated at the Pekin Federal Correctional Institution. Plaintiff brought a previous lawsuit in this Court concerning the same underlying facts that gave rise to the instant suit. In the case of *Walker v. Faubis et al.*, Case No. 5:20-cv-05133, Plaintiff sued four defendants, whom he identified as Detective Faubus, Detective Wright, Detective Wilson, and the Springdale Police Department. He brought a variety of claims against these defendants, alleging that they violated various constitutional rights of his by requiring him

to register as a sex offender in Arkansas, by arresting him for failure to register, and by publicizing the fact of his previous conviction for a sex offense. *See* Case No. 5:20-cv-05133, ECF No. 59, pp. 1–3. Plaintiff contended that he was not in fact required to register as a sex offender, and that therefore all these events violated his constitutional rights. *See id.* This Court ultimately granted summary judgment to the defendants in that case, dismissing with prejudice all claims against them. *See id.* at 16–17. Along the way, this Court also found as a matter of law that Plaintiff had previously pleaded guilty to and been convicted of a felony sex offense in Oklahoma, that under Oklahoma law Plaintiff would be required to register as a sex offender in that state, and that accordingly Plaintiff was also required to register as a sex offender in Arkansas. *See id.* at 15; *see also* Case No. 5:20-cv-05133, ECF No. 60.

Plaintiff has now filed a new lawsuit (the instant one), again naming as defendants Detective Tim Faubis, Detective Wilson, and Detective Wright, as well as two new defendants: Ryan R. Hansen and Octavia Dent. Plaintiff's claims against Faubis, Wilson, and Wright are identical to those he brought in the previous lawsuit—a fact which he acknowledges near the end of his Complaint. *See* Case No. 5:26-cv-05138, pp. 24–25. As for Hansen and Dent, he claims that they violated his Fourth, Eighth, and Fourteenth Amendment rights by providing false testimony against him in affidavits that they submitted in support of the motion for summary judgment that was granted in Plaintiffs previous case. *See id.* at 11–20. Plaintiff contends their false testimony caused this Court to erroneously dismiss his previous case. *See id.* As relief, Plaintiff is seeking compensatory and punitive damages, and that various punitive actions be taken against the Defendants, including removal from their current job duties. *See id.* at 23–24.

## II. LEGAL STANDARD

Under § 1915A, the Court is obliged to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are

frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987); *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (*quoting Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Jackson*, 747 F.3d at 544 (cleaned up). However, the complaint must still allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III. ANALYSIS

Plaintiff's claims against Defendants Faubis, Wilson, and Wright are straightforwardly barred by the doctrine of res judicata. Under this doctrine, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980). Similarly, Plaintiff's claims against Defendants Hansen and Dent are barred by the doctrine of collateral estoppel. Under that doctrine, "once a court has decided an issue of fact or law necessary to its judgment, that decision

may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." *Id.*

Res judicata applies when the following four factors are met: "(1) the first suit resulted in a final judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) both suits involve the same parties (or those in privity with them); and (4) both suits are based upon the same claims or causes of action." *Yankton Sioux Tribe v. U.S. Dept. of Health and Human Servs.*, 533 F.3d 634, 639 (8th Cir. 2008). Here, all four factors are clearly met with respect to Defendants Faubis, Wilson, and Wright. As was discussed in Section I of this Report and Recommendation above, Plaintiff brought identical claims against those same three Defendants in his previous federal lawsuit in this Court, and that case resulted in summary judgment being awarded to those Defendants. Jurisdiction was obviously proper there, just as it is here, given that this is a federal court and Plaintiff's claims are brought under federal law. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

As for Defendants Hansen and Dent—the doctrine of collateral estoppel "bars relitigation of an issue when: (1) the issue in the prior adjudication was identical; (2) there was a final judgment on the merits; (3) the estopped party was a party or in privity with a party in the prior adjudication; and (4) the estopped party had a full and fair opportunity to be heard on the adjudicated issue." *Aetna Cas. and Sur. Co. v. General Dynamics Corp.*, 968 F.2d 707, 711 (8th Cir. 1992). Importantly, non-parties to the original judgment may benefit from collateral estoppel against losing parties. *See id.* The second and third factors are obviously met, given the foregoing discussion: again, Plaintiff was also the plaintiff in the previous case, and a final judgment on the merits was issued in that previous case. But a small bit of discussion is necessary as to the first and fourth factors, concerning the issue that was previously adjudicated.

Here, the issue in question is the veracity of the testimony provided by Hansen and Dent in the affidavits that they submitted in support of the defense motion for summary judgment that was ultimately granted in the previous case. Mr. Hansen testified that, in his capacity as a custodian of business records with the Information Services Division of the Kansas Bureau of Investigation ("KBI"), he reviewed that agency's records regarding Plaintiff and learned from those records that in 2015 the Oklahoma Department of Corrections informed the KBI Offender Registration Unit that: (1) Plaintiff was convicted in Oklahoma of second degree rape in 1992, and (2) this conviction required Plaintiff to register in Oklahoma for ten years. *See* Case No. 5:20-cv-05133, ECF No. 26-1, pp. 13–14. Similarly, Ms. Dent testified that, in the course of her duties as an employee of the Oklahoma Department of Corrections Sex and Violent Offender Registration Unit ("SVOR"), she had reviewed SVOR documents regarding Plaintiff and learned from them that Plaintiff's 1992 conviction for second degree rape required him to register as a sex offender under the Oklahoma Sex Offenders Registration Act for a period of ten years. *See* Case No. 5:20-cv-05133, ECF No. 44-1, pp. 1–2.

As was previously mentioned in Section I of this Report and Recommendation: en route to granting summary judgment to the defendants in Plaintiff's previous federal lawsuit, this Court found as a matter of law that Plaintiff had previously pleaded guilty to and been convicted of a felony sex offense in Oklahoma, that under Oklahoma law Plaintiff would be required to register as a sex offender in that state, and that accordingly Plaintiff was also required to register as a sex offender in Arkansas. *See* Case No. 5:20-cv-05133, ECF No. 59, p. 15; *see also* Case No. 5:20-cv-05133, ECF No. 60. So the veracity of the facts testified to by Hansen and Dent was clearly adjudicated in the previous lawsuit; this Court found those facts to be true and indisputable, and it based its summary judgment decision on those facts. *See id.* Furthermore, Plaintiff had a full and fair opportunity to be heard on the issue of those facts: it was a central subject of the briefing that

the parties provided on summary judgment, and of the magistrate judge's report and recommendation that summary judgment be granted, to which Plaintiff was given the opportunity to object. *See* Case No. 5:20-cv-05133, ECF No. 59, p. 17. Thus all four factors for collateral estoppel are met. Plaintiff cannot use this lawsuit to relitigate the veracity of Hansen's and Dent's testimony in the previous lawsuit, as that matter has already been adjudicated in the previous case.

One final thing should be noted. Ordinarily, when pleadings filed *in forma pauperis* are dismissed on pre-service screening for frivolousness or failure to state a claim, those dismissals are made without prejudice as they are not dismissals on the merits but rather are an exercise of the Court's discretion under the *in forma pauperis* statute. *See Waller v. Groose*, 38 F.3d 1007, 1008 (8th Cir. 1994). However, here, all of the issues and claims raised in Plaintiff's Complaint were the subject of a decision on the merits that was issued in a previous lawsuit. The claims in that previous case were dismissed with prejudice; so the claims in this case should be dismissed with prejudice as well.

## IV. CONCLUSION

For these reasons, it is recommended that: (1) the case be dismissed with prejudice pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted; (2) Plaintiff/Petitioner is warned that, in the future, this dismissal may be counted as a strike for purposes of 28 U.S.C. § 1915(g) and thus, the Clerk is directed to place a § 1915(g) strike flag on the case for future judicial consideration; and (3) the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this dismissal would not be taken in good faith.

*Referral Status*: This case should not remain referred because all matters have been recommended for dismissal in this Report and Recommendation.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely**

**objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **4th day of August 2026**.

/s/ *Christy Comstock*

HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE