**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

**SCOTT A. WALKER** **PLAINTIFF**

**V.** **CASE NO. 5:26-CV-5138**

**DETECTIVE TIM FAUBIS;**
**DETECTIVE WILSON;**
**DETECTIVE WRIGHT;**
**RYAN R. HANSEN; and OCTAVIA DENT** **DEFENDANTS**

**ORDER**

Now before the Court is the Report and Recommendation ("R&R") (Doc. 7) of the Honorable Christy Comstock, United States Magistrate Judge for the Western District of Arkansas. Plaintiff Scott A. Walker filed an Objection to the R&R (Doc. 12), which triggered a *de novo* review of the record.

Mr. Walker brought a previous lawsuit in this Court alleging the same legal claims he brings in the instant suit. *See Walker v. Faubus et al.*, Case No. 5:20-CV-5133.[1] In 2020, he sued three defendants, Detective Faubus,[2] Detective Wright, and Detective Wilson. All three are sued again in this case. Defendants Ryan Hansen and Octavia Dent were not sued in 2020 but were witnesses in that action. Mr. Walker has added them to the instant suit.

[1] Mr. Walker contended in the earlier suit—and contends again in the current one—that his constitutional rights were violated when he was (wrongly) required to register as a sex offender in Arkansas.

[2] This name is spelled "Faubis" in the current action.

The Court dismissed all claims in the 2020 suit on summary judgment and entered judgment against Mr. Walker. *See id.* ECF 59, p. 15; ECF 60. Nevertheless, he believes he may bring these claims all over again because he has new proof—in the form of a state court order—that the Court's earlier judgment was wrong. On June 11, 2025, the Circuit Court of Washington County, Arkansas, terminated Mr. Walker's obligation to register as a sex offender in Arkansas *going forward* because the court found he was never obligated to register in Arkansas in the first place. *See* Doc. 12, p. 6.

Turning to Mr. Walker's Objections to the R&R, he does not dispute the Magistrate Judge's finding that the claims in the instant case are identical to those he filed in this Court in 2020. He also does not dispute that he had a full and fair opportunity to litigate those claims and did not appeal the judgment. The sole reason he believes he is entitled to a second bite at the apple is because of the state court's June 2025 order terminating his sex offender reporting requirement. Mr. Walker is mistaken. Even if the Court's judgment in 2020 rested on facts that apparently conflict with those listed in a state court's more recent order, the principles of res judicata and collateral estoppel bar the relitigation of the 2020 claims. *See Allen v. McCurry*, 449 U.S. 90, 94 (1980) ("[A] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.").

**IT IS THEREFORE ORDERED** that the Objection to the R&R is **OVERRULED**, and the R&R is **ADOPTED IN ITS ENTIRETY**. Upon preservice screening, the case is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted. Mr. Walker is warned that, in the future, this

dismissal may be counted as a strike for purposes of 28 U.S.C. § 1915(g) and thus, **the Clerk is directed to place a § 1915(g) strike flag on the case** for future judicial consideration.

**IT IS SO ORDERED** on this 16th day of September, 2026.

TIMOTHY L. BROOKS
CHIEF UNITED STATES DISTRICT JUDGE